UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACQUELINE STOKES<br><br>Plaintiff,<br><br>V.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 3:21-cv-02746<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Travelers Indemnity Company ("Travelers" or "Defendant") files its Notice of Removal of this action from the 191st Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendant shows this Court as follows:

1. On September 16, 2021, Plaintiff Jacqueline Stokes ("Plaintiff") filed an Original Petition (the "Complaint") in the 191st Judicial District Court of Dallas County, Texas, styled *Jacqueline Stokes v. The Travelers Indemnity Company*, where it was assigned Cause No. DC-21-13874 (the "State Court Action").

2. On October 16, 2021, Defendant was served with a citation and the Complaint. Removal is timely because thirty (30) days have not elapsed since Travelers was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the

summons or citation is served even if the complaint is received at a prior date).

3. Defendant is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 191st Judicial District Court of Dallas County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4. In accordance with Local Rule 81.1, attached collectively as Exhibit "A" are all materials filed in the State Court Action. Travelers has also filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Rule 7.1 of the Federal Rules of Civil Procedure.

### GROUND FOR REMOVAL: DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000.

**(a) The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6. Plaintiff seeks monetary relief of at least $1,000,000.00. *See* Ex. A-2 at ¶ 2. Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

**(b) Complete diversity between Plaintiff and Defendant exists.**

7. Plaintiff was at the time of the filing of this action, has been at all times since, and is still an individual resident citizen of the State of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning whenever he is absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a

citizen of Texas.

8. Corporations "shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ...." 28 U.S.C. § 1332(c)(1).  Travelers is incorporated in the state of Connecticut with its principal place of business in Connecticut.  Accordingly, Travelers was at the time of the filing of this action, has been at all times since, and is still a citizen of Connecticut.

9. Accordingly, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is not, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332.  Removal is therefore proper.

WHEREFORE, Defendant The Travelers Indemnity Company prays that the above-described action now pending in the 191st Judicial District Court of Dallas County, Texas be removed to this Court.

Respectfully submitted,

  /s/ Wm. Lance Lewis
WM. LANCE LEWIS
Texas Bar No. 12314560
ALISSA PUCKETT
Texas Bar No. 24056886
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT THE TRAVELERS INDEMNITY COMPANY**

## **CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record electronically via ECF, in accordance with the Federal Rules of Civil Procedure, this 5th day of November 2021 at the address indicated below:

Brian R. Arnold
BRIAN R. ARNOLD AND ASSOCIATES
600 W. Campbell Road, Suite 3
Richardson, Texas 75080
arnoldenda@aol.com

                                           */s/ Wm. Lance Lewis*
                                         Wm. Lance Lewis /Alissa Puckett